IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Monroe<br><br>Petitioner,<br><br>v.<br><br>Warden of Allendale,<br><br>Respondent. | C/A No.: 6:26-cv-103-SAL<br><br>**ORDER** |

Joshua Monroe ("Petitioner"), a state prisoner proceeding *pro se*, filed this habeas corpus petition under 28 U.S.C. § 2254. The matter is now before the court on the Report and Recommendation (the "Report") of United States Magistrate Judge Kevin F. McDonald made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 13.] The magistrate judge recommends this case be summarily dismissed because the Petitioner has not obtained Fourth Circuit authorization to file a successive § 2254 petition. *Id.* at 5–6. Petitioner objects. [ECF No. 15.] This matter is ripe for review. For the reasons that follow, this court adopts the Report and summarily dismisses the action.

**BACKGROUND**

Petitioner is currently serving a state sentence resulting from his 2010 convictions for three counts of kidnapping, two counts of armed robbery, criminal sexual conduct, and attempted armed robbery. *See* ECF No. 13 at 1. He was unsuccessful on direct appeal and in his state post-conviction relief action. *Id.* at 2–3. Petitioner has previously filed two habeas actions in this court challenging these same convictions—the first was considered on the merits and denied in 2019, and the second was denied as successive in 2021. *Id.* at 3.

Petitioner filed this action in January 2026 seeking to challenge his state convictions, but the magistrate judge recommends dismissal. Petitioner objects to the Report. *See* ECF No. 15.

**REVIEW OF A REPORT AND RECOMMENDATION**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Nevertheless, a party must do more than state, "I object." *Id.*

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs*., 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

The court incorporates the relevant factual background and legal standards as outlined in the Report. As detailed there, Petitioner has previously filed multiple § 2254 petitions challenging the same convictions. Under 28 U.S.C. § 2244(b)(3)(A), a district court lacks jurisdiction to consider a successive habeas petition unless the petitioner has obtained prior authorization from the Fourth Circuit. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that petitioner's failure to obtain authorization to file a successive petition deprived the district court of jurisdiction to consider the successive petition). Nothing in the record indicates that Petitioner has sought or received authorization from the Fourth Circuit to file a successive § 2254 petition.

Petitioner's objections do not alter that conclusion. He argues that the South Carolina Supreme Court's decision violates federal law and therefore warrants this court's review. [ECF No. 15 at 3–4.] He further argues that he remains in custody and continues to suffer harm from the constitutional violations alleged in his petition and therefore maintains that this action is not moot. *Id.* at 4. These arguments do not address the basis for the magistrate judge's recommended dismissal. The petition is not being dismissed as moot. Rather, the court lacks jurisdiction to consider a successive § 2254 petition absent authorization from the Fourth Circuit. Petitioner has previously obtained merits review of a § 2254 petition challenging these convictions. Because he has not obtained the required authorization to file another petition, this action cannot proceed in this court. Accordingly, Petitioner's objections are overruled. This case must be summarily dismissed.

## CONCLUSION

For the foregoing reasons, Petitioner's objections are overruled, and the magistrate judge's report, ECF No. 13, is **ADOPTED** in its entirety, and the petition is **DISMISSED without prejudice**.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED.**

August 25, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the court finds that Petitioner has failed to make the required showing.